NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000375
26-SEP-2019
09:47 AM**

NO. CAAP-19-0000375

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

LOLA L. SUZUKI, Claimant-Appellant, v.
AMERICAN HEALTHWAYS, INC., Employer-Appellee, and
ST. PAUL TRAVELERS, Insurance Carrier-Appellee, and
LORNE K. DIRENFELD, M.D., Respondent-Appellee, and
GARY N. KUNIHIRO, ESQ., Respondent-Appellee, and
SHAWN L.M. BENTON, ESQ., Respondent-Appellee

APPEAL FROM LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2007-497 (DCD NO. 2-06-14727)
CASE NO. AB 2007-498 (DCD NO. 2-07-04617))

ORDER GRANTING JULY 11, 2009 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By:  Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Upon review of (1) the July 11, 2009 motion by
Employer/Appellee/Appellee American Healthways, Inc. (American
Healthways), Insurance Carrier/Appellee/Appellee St. Paul
Travelers (St. Paul Travelers), and Respondents-Appellees Gary N.
Kunihiro, Esq. (Kunihiro), and Shawn L.M. Benton, Esq. (Benton),
to dismiss this appeal for lack of appellate jurisdiction,
(2) the July 12, 2019 "joinder" by Respondent-Appellee Lorne K.
Direnfeld, M.D., in the July 11, 2019 motion to dismiss, (3) the
July 16, 2019 memorandum by Claimant/Appellant/Appellant Lola
Suzuki (Suzuki) in opposition to the July 11, 2009 motion to
dismiss, and (4) the record, it appears that we lack appellate
jurisdiction.  Suzuki appeals from three interlocutory orders
that the Labor and Industrial Relations Appeals Board (the

LIRAB)[1] entered in the consolidated LIRAB matter comprised of LIRAB Case No. AB 2007-497 and LIRAB Case No. AB 2007-498:

> (1) an April 16, 2019 interlocutory "Order" denying Suzuka's four-part October 30, 2018 motion to strike, to dismiss, in limine, and for sanctions;
>
> (2) an April 26, 2019 interlocutory "Order Denying Motion to Reconsider and Reopen"; and
>
> (3) an April 26, 2019 interlocutory "Order Setting Aside March 28, 2019 Order to Show Cause[.]"

In administrative matters involving a claim for workers' compensation benefits, Hawaii Revised Statutes (HRS) § 386-88 (2015) and HRS § 91-14(a) (2012 & Supp. 2018) authorize an aggrieved party to appeal a final decision and order by the LIRAB directly to the Hawai'i Intermediate Court of Appeals as follows:

> The appeal of a decision or order of the LIRAB is governed by HRS § 91-14(a), the statute authorizing appeals in administrative agency cases. HRS § 91-14(a) authorizes judicial review of a final decision and order in a contested case or a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief. For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished. . . . Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Bocalbos v. Kapiolani Med. Ctr. for Women & Children, 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999) (citations and some internal quotation marks omitted; emphasis added). "In Bocalbos, th[e supreme] court held that an order that finally adjudicates a benefit or penalty under the worker's compensation law is an appealable final order under HRS § 91-14(a), although other issues remain." Lindinha v. Hilo Coast Processing Co., 104 Hawai'i 164, 168, 86 P.3d 973, 977 (2004) (citation omitted; emphases added). As the Lindinha court summarized:

---

[1] The Labor and Industrial Relations Appeals Board (the LIRAB) was comprised of Chairperson Danny J. Vasconcellos, Member Melanie S. Matsui, and Member Marie C.L. Laderta.

2

> Examining the law in other jurisdictions having similar jurisdictional requirements for workers' compensation cases, <u>Bocalbos</u> adopted the "benefit rule" exemplified in Colorado Revised Statutes § 8-43-301(2), (10), and (11) (1998). That statute "authorizes judicial review of 'any order which requires any party to pay a penalty or benefits or denies a claimant any benefit or penalty.'" <u>Bocalbos</u>, 89 Hawai'i at 440, 974 P.2d at 1030. This court took into consideration the unique nature of workers' compensation cases, stating that "[a] workers' compensation case ... is an ongoing proceeding[;] ... an inherent and unique characteristic of a workers' compensation case is its piecemeal nature." <u>Id.</u> at 442, 974 P.2d at 1032. This court also considered the "primary purposes of the Hawai'i workers' compensation law [which were] prompt determination and disposition of claims for compensation." <u>Id.</u>

<u>Id.</u> at 168-69, 86 P.3d at 977-79 (emphasis added). For example, "a decision that finally adjudicates the matter of medical and temporary disability benefits is an appealable final order under HRS § 91-14(a), even though the matter of permanent disability has been left for later determination." <u>Bocalbos</u>, 89 Hawai'i at 443, 974 P.2d at 1033. In contrast, however, when the LIRAB's determination of a claimant's workers' compensation claim for benefits "has not been made[,] . . . the requisite decree of finality is lacking with respect to th[e] case[,]" and the appellate court lacks jurisdiction. <u>Mitchell v. State Dep't. of Educ.</u>, 77 Hawai'i 305, 308, 884 P.2d 368, 371 (1994) (citation omitted).

In the instant case, none of the three appealed interlocutory orders finally adjudicated a benefit. In fact, the record on appeal does not contain any order that finally adjudicates the six issues that the LIRAB intends to determine in the underlying matter according to the LIRAB's July 24, 2018 third amended pretrial order for the consolidated LIRAB cases of LIRAB Case No. AB 2007-497 and LIRAB Case No. AB 2007-498. The record indicates that relevant rights of the parties remain undetermined, and that the LIRAB has retained this matter for further action by the LIRAB. Absent a final order that is

appealable under HRS § 386-88 and HRS § 91-14(a), we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that Appellee American Healthways, St. Paul Travelers, Kunihiro and Benton's July 11, 2009 motion to dismiss this appeal is granted, and appellate court case number CAAP-19-0000375 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, September 26, 2019.


Chief Judge


Associate Judge


Associate Judge

4